UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY BLACK,             *Plaintiff*, | § § § | |
| vs. | § § | CIVIL ACTION H-06-2236 |
| SYSCO FOODS OF HOUSTON, *et al.*,             *Defendants*. | § § § | |

**MEMORANDUM AND ORDER**

Plaintiff Tommy Black has filed an employment discrimination complaint under Title VII of the Civil Rights Act of 1964 against Sysco Foods of Houston, Teamsters Local Union 968, and Leo Correa. Defendants Teamsters Local Union 968 and Correa seek to dismiss Black's claims against them under the auspices of Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 6.

Black filed a supplement to his complaint to include additional claims of retaliation, slander, and defamation of character.[1] This amendment was made after the plaintiff had previously amended his complaint,[2] and after a responsive pleading was served. The plaintiff has not sought leave of court to file this supplement to his complaint. *See* FED. R. CIV. P. 15(a). The court will therefore not consider these additional claims at this time.

Under Rule 12(b)(6) a claim may be dismissed if a plaintiff fails to allege any set of facts in support of the claim that would entitle him to relief or fails to allege a material point necessary to sustain recovery. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). When considering a motion to dismiss

---

[1]     *See* Dkt. 13.

[2]     *See* Dkt. 4 (Am. Compl. filed July 18, 2006).

1

under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true. *See Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). Legal conclusions, conclusory allegations, and unwarranted deductions of fact, however, will not suffice to prevent dismissal under Rule 12(b)(6). *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003). Moreover, the court does not look beyond the pleadings, including any attachments thereto, in deciding a motion to dismiss. *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Black filed a charge of discrimination with the Texas Workforce Commission and the Equal Employment Opportunity Commission on March 30, 2006.[3] In this charge Black asserts race and sex discrimination against Sysco Foods in violation of Title VII. Teamsters Local Union 968 and Correa are not named or mentioned in the charge. Accordingly, Black's employment discrimination claims against the Teamster and Correa must be dismissed.

A court may not entertain a Title VII claim when the claimant has failed to first exhaust administrative remedies by filing a charge of discrimination with the EEOC. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995). This is a statutory precondition to maintenance of any action under Title VII. *See* 42 U.S.C. § 2000e-5(e); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of his or her right to sue. *Taylor*, 296 F.3d at 379.

Title VII provides that "a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . . ." 42 U.S.C. § 2000e-5(f)(1). "[A] party not

---

[3] *See* Dkt. 6, Ex. A.

named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and the party named in the charge or it has unfairly prevented the filing of an EEOC charge." *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988); *see also Dunn v. Uniroyal Chem. Co., Inc.*, 192 F. Supp. 2d 557, 560-61 (M.D. La. 2001). There are no facts sufficiently alleged to establish an identity of interest between Sysco Foods of Houston and Teamsters Local Union 968 or Leo Correa, or that the Teamsters or Correa unfairly prevented Black from including them in the EEOC charge.

Black argues that under employment discrimination laws, a union may be liable for causing or attempting to cause an employer to discriminate. This is correct. *See* 42 U.S.C. § 2000e-2(c)(3) (covering labor organizations). Nevertheless, this does not obviate the need to exhaust administrative remedies through the EEOC.

In addition, Correa was not Black's employer, and therefore he may not be sued in his individual capacity for employment discrimination. Title VII imposes liability on an employer who discriminates against an employee. *See* 42 U.S.C. § 2000e-2(a). "Employer" is defined as "a person engaged in an industry affecting commerce . . . and any agent of such a person." 42 U.S.C. § 2000e(b). The "any agent" language does not impose individual liability under Title VII to those persons who do not otherwise qualify as employers under the statute. *See Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).

Therefore the defendants' motion to dismiss is GRANTED. Black's employment discrimination claims against Teamsters Local Union 968 and Leo Correa are dismissed.

Signed on September 12, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge