## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY BLACK,        Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION H-06-2236 |
| SYSCO FOODS OF HOUSTON, et al.,        Defendants. | § § § | |

## ORDER

Pending before the court are plaintiff's motion for court-appointed counsel and motion for a jury trial. Dkt. 21.[1] After considering plaintiff's motions and the applicable law, the court finds that plaintiff's motion for court-appointed counsel is DENIED, and plaintiff's motion for a jury trial is GRANTED.

## II. ANALYSIS

### A. Court-Appointed Counsel

As a general matter, a litigant has no general right to a court-appointed attorney in a civil case. *See FTC v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) (explaining that the constitutional right to counsel does not apply to civil pro se litigants). However, Congress has provided for the appointment of counsel for Title VII complainants, upon request, "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1) (2000). In other words, the appointment of counsel for a Title VII plaintiff is not automatic; rather, it is vested within the sound discretion of the trial court. *See Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck, & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). This discretion, according to the Fifth Circuit, is informed

---

[1] The defendant has not filed a response to these motions, and the court will treat them as unopposed per local practice. L.R. 7.4.

by the following factors: (1) the merits of plaintiff's claims of discrimination; (2) the efforts taken by plaintiff to obtain counsel; and (3) plaintiff's financial ability to retain counsel. *See Gonzalez*, 907 F.2d at 580; *Caston*, 556 F.2d at 1309; *see also Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984). These factors are not meant to be an exclusive list of considerations; they "are simply ingredients in the total mix of relevant information which should guide the discretion of the district court." *Caston*, 556 F.2d at 1310. No single factor is dispositive. *Gonzalez*, 907 F.2d at 580.

### *1. Merits of plaintiff's claim*

Plaintiff alleges that defendant terminated his employment because of his race and sex, in violation of Title VII of the Civil Rights Act of 1964, as amended. *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting employers from terminating an individual "because of such individual's *race*, color, religion, *sex*, or national origin . . . ." (emphasis added)). However, plaintiff's complaint offers little evidence to believe that the defendant unlawfully discriminated against him. Plaintiff's central contention is that Toni Ganzenmuller, who recommended his termination, did so after she felt "threatened" by his presence when he used "abusive language with her." Dkt. 1 at 2. Plaintiff denies that this incident actually took place, *see id.*, but he adduces no probative evidence to believe that the defendant's proffered reasons for his termination are a pretext for discrimination. Furthermore, based on the same evidence provided in the plaintiff's charge to the EEOC, that agency determined that it was "unable to conclude that the information obtained establishes violations of the statutes." Dkt. 14 at 23. While not conclusive, the EEOC's determination is "highly probative" of the merits of a plaintiff's case. *See Gonzalez*, 907 F.2d at 580; *Caston*, 556 F.2d at 1309. Accordingly, these considerations demonstrate that the likelihood of plaintiff's success is certainly slight, and this factor weighs against the appointment of counsel.

### *2. Plaintiff's Efforts to Obtain Counsel*

The court is unable to determine whether plaintiff has exercised any diligence in obtaining counsel to aid the prosecution of this case. Plaintiff states in his motion that he "was granted pauper status and still can't hire a lawyer." Dkt. 21. He makes no mention of any specific attempts to hire an attorney, even one that is willing to work on a contingency fee basis. If the plaintiff has made repeated attempts to secure counsel, with no success, then this factor would weigh in his favor. *See Caston*, 556 F.2d at 1309. However, without any evidence regarding plaintiff's efforts, this factor weighs neither for nor against the appointment of counsel.

### *3. Plaintiff's Financial Ability to Retain Counsel*

Plaintiff's financial means are quite limited and do not suggest the ability to hire private counsel. His application to proceed *in forma pauperis* demonstrates that his only source of income is unemployment compensation in the amount of $1000 per month, of which $400 is allotted to child support. *See* Case 4:06-mc-00272, Dkt. 2 at 2. Due to his minimal resources, this factor weighs in plaintiff's favor for the appointment of counsel.

After weighing these three factors, the court finds that this case does not present "just" circumstances for court-appointed counsel. 42 U.S.C. § 2000e-5(f)(1). Although the plaintiff cannot afford a lawyer and this inability may have inhibited his efforts to find one, the manifest weakness of plaintiff's claim persuades the court against the appointment of counsel. *See Tatum v. Cmty. Bank*, 866 F. Supp. 988, 995 (E.D. Tex. 1994) (finding the consideration of the merits the most important factor given the unfairness of requiring an attorney to donate his or her time and efforts to a case with little likelihood of success).

**B. Jury Trial**

Plaintiff also moves for a jury trial despite the untimeliness of his request. Dkt. 21. Indeed, plaintiff waived his right to a jury when he failed to make a jury demand within the ten-day limit following his last pleading. *See* FED. R. CIV. P. 38(b), (d). However, upon motion the court in its discretion may relieve the plaintiff of his waiver and "order a trial by a jury." *See* FED. R. CIV. P. 39(b). In exercising this discretion, the trial court "'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" *See Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964)).

In this case, the court can discern no compelling reason against relieving the plaintiff of his waiver and granting a jury trial. The defendant's lack of response confirms the court's belief. Thus, the court will relieve the plaintiff of his waiver and grant his request for a jury trial.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for the appointment of counsel is DENIED, and plaintiff's motion for a jury trial is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on January 29, 2007.

_____
Gray H. Miller
United States District Judge

4